**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

KEVIN WISEMAN, et al.,

                Plaintiffs,

v.                                   CIVIL ACTION NO.  5:06-cv-00194

STATE OF WEST VIRGINIA BY AND
THROUGH THE DEPARTMENT OF
SAFETY AN AGENCY OF THE WEST
VIRGINIA STATE POLICE and
MICHAEL PINARDO,

                Defendants.

**MEMORANDUM OPINION**

    Kevin and Barbara Wiseman, individually and as parents and guardians of Angel Dawn Harper and Natalie Ann Wiseman ("plaintiffs"), bring this civil rights action against the West Virginia State Police and Trooper Michael Pinardo ("defendants") pursuant to 42 U.S.C. § 1983. On March 15, 2006, defendants removed this action from the Circuit Court of Raleigh County. [Docket No. 1].  Jurisdiction in present pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

    Defendant Trooper Michael Pinardo ("Trooper Pinardo") moves this Court to dismiss all claims against him pursuant to Fed. R. Civ. P. 12(b)(5) because he has not been properly served with the Complaint  [Docket No. 7].  Trooper Pinardo's motion is unopposed.

    Under the Federal Rules of Civil Procedure, service upon individuals must be made either personally or "pursuant to the law of the state in which the district court is located, or in which service is effected."  Fed. R. Civ. P. 4(e).

Rule 4(d) of the West Virginia Rules of Civil Procedure provides, in pertinent part:

Personal or substituted service shall be made in the following manner:

    (1)        Individuals:  Service upon an individual . . . may be made by:

        A.      Delivering a copy of the summons and complaint to the individual personally; or

        B.      Delivering a copy of the summons and complaint at the individual's dwelling place or usual place of abode to a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purport of the summons and complaint; or

        C.      Delivering a copy of the summons and complaint to an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint in the individual's behalf; or

        D.      The clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee; or

        E.      The clerk sending a copy of the summons and complaint by first class mail, postage prepaid, to the person to be served, together with two copies of notice and acknowledgment confirming substantially to Form 14 and a return envelope, postage prepaid, addressed to the clerk.

Id. Here, plaintiff's only attempt at serving Trooper Pinardo was to leave a copy of the Complaint at Trooper Pinardo's place of employment.  [Docket No. 8 Ex. A].  It is well settled that an individual's place of employment is not his usual place of abode.  4A Charles Alan Wright, Arthur

R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3637 n.9 (3d. ed. 1998) (stating that defendant's place of employment will not qualify as a dwelling or place of abode). Trooper Pinardo's employer, the West Virginia State Police, is not an authorized agent for service of process. In addition, it does not appear that any attempts were made to serve Trooper Pinardo personally or at his home.

Here, none of the potential valid means of service were employed by plaintiff. Additionally, plaintiff has neither responded to this motion (which has been pending for quite some time) nor has plaintiff attempted to cure this procedural defect by properly serving Trooper Pinardo. Because Trooper Pinardo was not served personally, by an agent, or at home, service was not effective pursuant to federal or West Virginia law and thus improper.

Accordingly, the Court hereby **GRANTS** Trooper Pinardo's motion to dismiss the Compliant against him [Docket No. 7] **WITHOUT PREJUDICE**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 27, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE